DAVID ANDERSON *et al.*, Plaintiffs-Appellees, *v.* THE CITY OF KEWANEE, Defendant-Appellant.

Third District    No. 81-80

Opinion filed August 27, 1981.

Scott E. Clemons, City Attorney, of Kewanee, for appellant.

Thomas F. McGuire, of Buffalo Grove, for appellees.

Mr. JUSTICE HEIPLE delivered the opinion of the court:

This case involves the payment of legal fees and costs incurred in three prior suits between the parties. The defendant city of Kewanee appeals the order of the circuit court of Henry County which awarded the legal fees and costs sought by the plaintiffs.

The defendant, city of Kewanee (City), removed plaintiffs David Anderson and Jerry Warner from their employment as police chief and fire chief, respectively. On May 10, 1979, Warner filed a complaint for declaratory judgment and writ of *mandamus* in case No. 79-MR-76, seeking restoration to the office of fire chief. On June 25, 1979, order was entered directing the clerk of Henry County circuit court to issue a writ of *mandamus* to allow Warner to resume office. The order further stated that Warner "shall have his costs of the suit."

Similar redress was sought by David Anderson seeking restoration to the office of police chief in case No. 79-MR-81. On June 25, 1979, similar order was entered restoring Anderson to his former position as police chief. Likewise, the order provided "[t]hat the plaintiff [Anderson] shall have his costs of suit."

Again removed from office by the City, Warner and Anderson jointly filed a complaint for declaratory judgment and *mandamus* on July 20, 1979, in case No. 79-MR-138. On September 17, 1979, order was entered thereon directing the clerk to issue a writ of *mandamus* to permit Warner to occupy the office of fire chief and to permit Anderson to occupy the office of police chief. Warner and Anderson were awarded "their costs of suit." Legal fees were never specifically requested or awarded in any of the three suits.

On January 11, 1980, Warner and Anderson's attorney wrote a letter to the City's attorney seeking a lump sum payment of legal fees and costs for cases Nos. 79-MR-76, 79-MR-81, and 79-MR-138 (hereinafter referred to as the 79 cases). As a basis for such recovery, City Ordinance No. 1988 (Kewanee Code, ch. 7, §1—7—8) was cited.

The ordinance provides as follows:

"ORDINANCE NO. 1988
AN ORDINANCE PROVIDING FOR THE INDEMNIFICA—
TION OF CERTAIN CITY OFFICIALS

WHEREAS, the City of Kewanee has from time to time been joined as a party defendant in litigation arising directly or indirectly out of the conduct of its government and affairs and has heretofore made provision for contingent liabilities in connection therewith by the purchase of public liability insurance; and

WHEREAS, such public liability insurance obtained by the City has in prior years customarily provided insurance coverage for officials of the City for acts taken in the course of carrying out their official duties and functions; and

WHEREAS, the sufficiency of such insurance for officials of the City has recently become subject to question, and the City Council finds that the personal and individual involvement of such officials of the City in pending and potential future litigation may have a material detrimental effect on the willingness of qualified persons to seek or accept the responsibility of acting in an official capacity on behalf of the City and that it is therefore desirable and in the best interests of the City and its residents to eliminate to the fullest extent permitted under applicable law the risk of individual liability on the part of City officials, so long as they act in good faith and without malice; and

WHEREAS, the City Council hereby finds that the indemnification of certain of its officials and employees pertains directly to the conduct of its government and affairs within the meaning of Section 6, Article VII of the Constitution of the State of Illinois of 1970,

NOW, THEREFORE, be it ordained by the Council of the City of Kewanee, Henry County, Illinois:

SECTION 1: To the fullest extent permitted by the Constitution of the State of Illinois of 1970 and applicable law, each of the following officials and employees of the city, viz:

The Mayor

Each commissioner of the city council

The city clerk and each deputy or acting city clerk

The city treasurer and each deputy or acting treasurer

The city attorney and each staff attorney for said city

Each superintendent or department head and each assistant of such superintendent or department head of the various departments of said city

The chief of police and assistant chief

The chief of the fire department and assistant chief

Each member of any board or commission of the city established pursuant to applicable law or by ordinance of the city shall be indemnified, defended and held harmless by the city from and against all liabilities, expenses of investigation, judgments and amounts paid in settlement which may be imposed upon or reasonably incurred or paid by such official or employee in connection with or resulting

from any claim made against him, or any action, suit, proceeding or investigation in which he may be involved, by reason of his being or having been such official or such employee of the city, whether or not he continues to be such official or employee at the time of such claim, action, suit, proceeding or investigation; provided, however, that the foregoing indemnity shall not extend to any of the following:

(a) Any liability or cost with respect to any matter as to which such official or employee is finally adjudged to be guilty of bad faith, or actual malice, or willful and wanton misconduct in the performance of his duties as such official or employee;

(b) Any payment, expense or cost arising out of a settlement of any claim, action, suit or proceeding, unless (i) such settlement shall be approved by the court having jurisdiction over such claim, action, suit or proceeding, with express knowledge of the existence of the indemnification provided hereby, or (ii) such settlement shall have been made upon the written opinion or independent legal counsel selected by the city council, to the effect that there is no reasonable ground for any finding of bad faith, or of actual malice, or willful and wanton misconduct on the part of such official or employee and that the anticipated cost of such settlement will not substantially exceed the estimated cost and expense of defending such claim, action, suit or proceeding to a final conclusion;

(c) Any liability or judgment payable to the city itself;

(d) The cost of independent legal representation in any such action, suit or proceeding if the city or the insurance carrier for the city offers or otherwise indicates its willingness to provide a legal defense with respect to such claim, action, suit, proceeding or investigation.

The foregoing rights of indemnification shall be in addition to any other rights to which such official or employee may otherwise be entitled as a matter of law.

SECTION 2. All ordinances or parts of ordinances in conflict herewith are hereby repealed to the extent of such conflict.

SECTION 3. That this ordinance shall be in full force and effect from and after its passage and signing as provided by law.

PASSED by the City Council of the City of Kewanee, Henry County, Illinois, this 10th day of October, 1977.

SIGNED by the Mayor of said City this 10th day of October, 1977.

(S) Edward J. Goetzman, M.D.
MAYOR

ATTEST:
(S) Arlene L. Ray
CITY CLERK                    October 10, 1977

Mr. Mayor, I move that the foregoing Ordinance No. 1988 be passed.

(S) Roger D. Jacobson
Commissioner

Mr. Mayor, I second the motion.

(S) Jeffrey O'Connor
Commissioner."

On March 12, 1980, plaintiffs Anderson and Warner filed a joint complaint for declaratory judgment and *mandamus* in case No. 80-MR-56. Therein legal fees and court costs for the three 79 cases and the instant case, No. 80-MR-56, were sought. The plaintiffs cited Ordinance No. 1988 as the basis for the right to recover legal fees and costs from the City in all four cases.

In its answer, the City admitted liability for court costs but denied liability for any legal fees. On December 5, 1980, the cause was heard on the merits without a jury; the matter was taken under advisement.

On January 13, 1981, Judge Jay M. Hanson of the circuit court of Henry County filed his opinion wherein he awarded the plaintiffs' legal fees and court costs for all four cases. He directed the clerk to issue a writ of *mandamus* to the city of Kewanee to indemnify Warner and Anderson for their legal fees and costs. An order thereupon was filed February 6, 1981.

The City appeals this award of legal fees.

Initially, the City alleges that since Anderson and Warner did not seek legal fees in the three 79 cases, the doctrine of *res judicata* precludes them from raising such issue in the present case. The City claims that legal fees should have been included in the previous actions as the request for the fees arises out of the identical facts. We do not agree.

The concepts of *res judicata* and estoppel by judgment are clearly established. Under the estoppel by judgment rule, a judgment on the merits is a bar to any future action between the same parties on the same cause of action. The doctrine of *res judicata* reflects a public policy that

demands an end to litigation after each party has had a full opportunity to present all pertinent facts. *City of Elmhurst v. Kegerreis* (1945), 392 Ill. 195.

■■ In the present case, the cause of action and the relief sought are different from the three earlier suits between the parties. Separate and distinct issues are involved. The three 79 cases dealt solely with the issue of whether or not the police and fire chiefs of Kewanee could be removed from office without a hearing before the Board of Fire and Police Commissioners. Case No. 80-MR-56 involves the applicability of the Kewanee indemnification ordinance after liability of the City was determined. The evidence and facts necessary to support the legal fees issue of case No. 80-MR-56 are quite different from that necessary to support the three 79 cases. Moreover, until the litigation was over, the claim for legal fees remained unliquidated. Liability for legal fees by the City on an indemnification theory could only arise *after* the court determined the issue of the three 79 suits; specifically, that Anderson and Warner were still employees of the City. Thus, the plaintiffs were not barred from bringing the present action for legal fees in case No. 80-MR-56.

Next, the City claims that Ordinance No. 1988 was not intended to apply to the three 79 cases. The City asserts that the purpose of the ordinance is to protect municipal officials while acting in their official capacity from suits by third persons. It is not, the City contends, to provide such individuals with a means of recovering legal fees if they choose to sue the City.

It was the trial court's opinion that Ordinance No. 1988 requires the City to indemnify Warner and Anderson for legal fees and court costs incurred in the 79 suits and in the present suit, No. 80-MR-56. We agree.

The ordinance indemnifies certain employees of the City, including the police chief and fire chief, from "any claim, action, suit, proceeding or investigation in which he may be involved by reason of his being or having been an official." The trial court correctly found that while the ordinance provided certain exceptions, none were applicable to this case. The ordinance does not limit indemnification only to employees who are defendants in an action. To the contrary, the ordinance provides indemnification for any proceeding in which he *may be involved*.

■■ Clearly, Warner and Anderson were involved in the three 79 suits for reinstatement. The City twice removed them from their capacities as police chief and fire chief without following the law concerning proper hearings prior to such removal. As a consequence, both Anderson and Warner were forced to seek legal counsel to protect their rightfully held positions with the City. Finally, we note that should the City wish to exclude from indemnification suits initiated by employees against the

City, an ordinance providing for such exclusion could be drafted and adopted by the City.

For the reasons herein stated, we affirm the order of the circuit court of Henry County.

Affirmed.

ALLOY and STOUDER, JJ., concur.