Pauline ROSEWITZ, Plaintiff-Appellant, Cross-Appellee,

v.

Patience LATTING, Mayor of the City of Oklahoma City, et al., Defendants-Appellees,

James Cook, City Manager of the City of Oklahoma City, Defendant-Appellee, Cross-Appellant.

Nos. 80–2253, 80–2258.

United States Court of Appeals, Tenth Circuit.

Sept. 27, 1982.

James Craig Dodd, Enid, Okl. (with Stephen Jones, Enid, Okl., on the brief), for plaintiff-appellant, cross-appellee.

Lawrence E. Naifeh, Oklahoma City, Okl. (Walter M. Powell, Municipal Counselor, and Thomas J. Roach, Jr., Asst. Municipal Counselor, Oklahoma City, Okl., on the brief), for defendant-appellee.

Before SETH, Chief Judge and BREITENSTEIN and McKAY, Circuit Judges.

McKAY, Circuit Judge.

This appeal primarily concerns the procedural due process rights of a city employee. Appellant, Pauline Rosewitz, was terminated from her employment as a mail clerk in the City Treasurer's office by notice received July 12, 1973, effective that day. The City provided nonprobationary employees such as Ms. Rosewitz with a five-step grievance procedure [1] for challenging terminations. Ms. Rosewitz waived the first two steps, and her termination was upheld at the third, fourth and fifth steps. In this § 1983 [2] suit, Ms. Rosewitz challenges the grievance procedure as defective under the due process clause of the fourteenth amendment to the United States Constitution.[3]

The fourth step of the grievance procedure consists of a nonadversarial hearing before a Grievance Review Board. Before the hearing, the Board was provided with written statements of four employee-witnesses relating their version of the alleged misconduct by Ms. Rosewitz. Ms. Rosewitz claims she was not given an opportunity to see these statements before or during the hearing, except that one such statement was shown to her at the hearing and she was asked to respond to it. Ms. Rosewitz was given an opportunity to relate to the Board her version of the incidents for which she was terminated. She was not permitted to confront or cross-examine the witnesses against her, however, and indeed she apparently was excluded from the room except to make her statement to the Board. Ms. Rosewitz arrived at the hearing with her attorney, but he was excluded by the Board pursuant to the City Manager's grievance regulations which allow representation only by a fellow municipal employee.

The district court assumed that plaintiff had a legally-recognized property interest in continued employment but held that the procedures employed to test the validity of her discharge were adequate to satisfy the due process clause. After dismissal of the

1. The five steps consisted of the following: (1) discussion with employee's immediate supervisor; (2) discussion with the employee's division or department head; (3) investigation and recommendation by the Personnel Director; (4) hearing before the Grievance Review Board which makes a recommendation to the City Manager; and (5) a personal interview with the City Manager whose decision is final. Record, vol. 1, at 102–03.

2. 42 U.S.C. § 1983 provides:
Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress. . . .

3. Ms. Rosewitz' amended complaint sets forth three causes of action: (1) an allegation of retaliatory discharge actionable under 42 U.S.C. § 2000e–3; (2) alleged violation of first amendment rights actionable under 42 U.S.C. § 1983; and (3) alleged deprivation of procedural due process actionable under 42 U.S.C. § 1983. Record, vol. 1, at 18. Only the procedural due process claim went to trial, and judgment on that claim was entered on August 20, 1980. Record, vol. 2, at 216. On October 21, 1980, the court dismissed the first two causes of action with prejudice upon plaintiff's request. Record, Supp. vol. 1, at 1.

remaining causes of action, *see* note 3 *supra,* the court denied defendant's motion for attorneys' fees without a hearing. Plaintiff appeals the judgment against her, arguing that the grievance procedure was unconstitutional because it denied her rights to an attorney, confrontation and cross-examination. The defendant cross-appeals the denial without hearing of its motion for attorneys' fees.

■ In order to be entitled to procedural due process, plaintiff must demonstrate that a liberty or property interest is being deprived by governmental action. *See Board of Regents v. Roth,* 408 U.S. 564, 569, 92 S.Ct. 2701, 2705, 33 L.Ed.2d 548 (1972). In this case the district court assumed that plaintiff had a protectable property right in her employment by virtue of having acquired an interest in the employee pension plan. Record, vol. 2, at 213. While we recognize that normally the issue of whether the plaintiff has a property interest protected by the fourteenth amendment is dispositive, in the instant case we do not reach that issue because it was not well-focused in the trial court's memorandum decision and because our resolution of this case makes it unnecessary to do so. Like the trial court, therefore, we assume plaintiff has a property interest in her employment worthy of fourteenth amendment protection.

■ Once it is determined that plaintiff has a protected property interest, the only question remaining for our consideration is what form the required procedural due process must take. Essentially, procedural due process requires notice and an opportunity to be heard in a meaningful time and manner. *Goldberg v. Kelly,* 397 U.S. 254, 267, 90 S.Ct. 1011, 1020, 25 L.Ed.2d 287 (1970); *Armstrong v. Manzo,* 380 U.S.

545, 552, 85 S.Ct. 1187, 1191, 14 L.Ed.2d 62 (1965). "[D]ue process is flexible and calls for such procedural protections as the particular situation demands." *Morrissey v. Brewer,* 408 U.S. 471, 481, 92 S.Ct. 2593, 2600, 33 L.Ed.2d 484 (1972). In determining the form of hearing required, courts must balance three factors: (1) the nature of the individual interest at stake; (2) the risk of erroneous deprivation and the probable value of additional procedural safeguards; and (3) the nature of the governmental interest involved. *Mathews v. Eldridge,* 424 U.S. 319, 335, 96 S.Ct. 893, 903, 47 L.Ed.2d 18 (1976).

■ The trial court properly balanced the interests involved here. The individual interest in employment, while important, does not amount to the "brutal need" noted in *Goldberg v. Kelly,* 397 U.S. 254, 261, 90 S.Ct. 1011, 1016, 25 L.Ed.2d 287 (1970),[4] on which plaintiff relies. The City, on the other hand, has an important interest in efficient functioning of the city machinery which may be impeded by imposing a requirement of adversarial, trial-like hearings for every discharged employee. *See Arnett v. Kennedy,* 416 U.S. 134, 168, 94 S.Ct. 1633, 1651, 40 L.Ed.2d 15 (1974) (Powell, J., concurring); *Downing v. LeBritton,* 550 F.2d 689, 692 (1st Cir. 1977). Since plaintiff was given clear notice[5] of the alleged misconduct for which she was terminated, a reasonable time to marshal facts and evidence, an explanation of the evidence supporting the discharge, and an opportunity to present her version of the case to an impartial grievance board, the risk of erroneous deprivation was not great. Finally, plaintiff has not attempted to show that additional procedures might have changed the result. We agree with the trial court that

---

4. Plaintiff cites *Goldberg v. Kelly,* 397 U.S. 254, 90 S.Ct. 1011, 25 L.Ed.2d 287 (1970) in support of her proposition that counsel, confrontation and cross-examination were necessary to provide her with due process. In *Goldberg* the Court noted that termination of welfare benefits may deprive an eligible recipient of the "very means by which to live while he waits" for a posttermination hearing. *Id.* at 264, 90 S.Ct. at 1018. The Court specifically distin-

guished the case of the discharged government employee. *Id. See Arnett v. Kennedy,* 416 U.S. 134, 169, 94 S.Ct. 1633, 1651, 40 L.Ed.2d 15 (1974) (Powell, J., concurring).

5. Plaintiff's counsel admitted at trial that plaintiff had sufficient notice of the misconduct on which her discharge was based. Record, vol. 3, at 176–77. *See* Ms. Rosewitz' termination letter, record, vol. 1, at 70.

plaintiff was not entitled to have an attorney present at the grievance hearing,[6] to be present when others testified against her, or to cross-examine those witnesses. We therefore affirm the judgment for defendant on plaintiff's procedural due process claim.

■ The trial court erred, however, in denying defendant's motion for attorneys' fees without holding a hearing thereon. Defendant filed its motion on October 31, 1980, ten days after the court's dismissal with prejudice of plaintiff's first and second causes of action. *See* note 3 *supra.* The trial court ruled the motion was untimely because it was not filed within ten days of the August 20 judgment on the third cause of action, citing Fed. R. Civ. P. 59(e), which provides that "[a] motion to alter or amend the judgment shall be served not later than 10 days after entry of the judgment." The Supreme Court has recently held that a request for attorneys' fees under 42 U.S.C. § 1988[7] is not a motion to alter or amend the judgment subject to the time limit of Rule 59(e). *White v. New Hampshire Department of Employment Security,* 455 U.S. 445, 102 S.Ct. 1162, 71 L.Ed.2d 325 (1982). On remand, the trial court should conduct appropriate proceedings to determine whether plaintiff's action was in bad faith, frivolous, or vexatious so as to justify an award of attorneys' fees to defendant. *See* 42 U.S.C. § 1988; *Roadway Express, Inc. v. Piper,* 447 U.S. 752, 762, 100 S.Ct. 2455, 2462, 65 L.Ed.2d 488 (1980); *Prochaska v. Marcoux,* 632 F.2d 848, 853 (10th Cir. 1980), *cert. denied,* 451 U.S. 984, 101 S.Ct. 2316, 68 L.Ed.2d 841 (1981).

The judgment of the trial court on appeal is affirmed; the denial of the motion on cross-appeal is reversed for proceedings not inconsistent with this opinion.

---

6.  *See Downing v. LeBritton,* 550 F.2d 689 (1st Cir. 1977).

7.  42 U.S.C. § 1988 provides in pertinent part: "In any action [under 42 U.S.C. § 1983], the court, in its discretion, may allow the prevail-ing party, other than the United States, a reasonable attorney's fee as part of the costs." In this case defendant could not know who the prevailing party would be until the first and second causes of action were disposed of on October 21, 1980.