**Michael C. THOMPSON, Plaintiff,**

v.

**Nickolas DERETA, Robert Swehla, James Gober, and John Does 1 through 6, Defendants.**

Civ. No. C–82–0355.

United States District Court, D. Utah, C.D.

Oct. 12, 1982.

Robert B. Sykes, Salt Lake City, Utah, for plaintiff.

Barbara W. Richman, Asst. U.S. Atty., Salt Lake City, Utah, for defendants.

## MEMORANDUM DECISION AND ORDER

WINDER, District Judge.

This matter is before the court on defendants' motion to dismiss the plaintiff's complaint for failure to state a claim on which relief might be granted. Defendants submitted a memorandum of legal authorities in support of their motion, and plaintiff responded with a memorandum in opposition, to which defendants responded. As neither party has requested oral argument, the motion will be decided on the basis of these memoranda.

Plaintiff's complaint alleges two causes of action against defendants under 42 U.S.C. § 1983. As defendants are all agents of the Bureau of Alcohol, Tobacco and Firearms of the United States Department of Treasury, they did not act under color of state law, as required for an action under § 1983. Plaintiff having admitted such deficiency, both parties in their memoranda have treated the complaint as alleging "Bivens"-type constitutional tort claims. Accepting this premise, the court still must dismiss the complaint for failure to state a claim.

After carefully studying the two causes of action in the complaint, it is clear that the sole right alleged to have been deprived the plaintiff is the right to due process of law under the Fifth Amendment

to the Constitution. It is axiomatic that not every procedural deficiency gives rise to a constitutional tort claim under the fifth amendment. To establish a procedural due process violation, a plaintiff must show that a property or liberty interest was deprived by the governmental action. *E.g., Paul v. Davis,* 424 U.S. 693, 96 S.Ct. 1155, 47 L.Ed.2d 405 (1976); *Board of Regents v. Roth,* 408 U.S. 564, 569, 92 S.Ct. 2701, 2705, 33 L.Ed.2d 548 (1972); *Rosewitz v. Latting,* 689 F.2d 175 at 177 (10th Cir. 1982).

■ The court has difficulty surmising the property or liberty interest alleged here. The gist of plaintiff's complaint is that the defendants deprived him of his right to an exception from the federal firearms disability laws pursuant to 18 U.S.C. § 925(c). While that section creates a right to apply for relief from the Secretary of the Treasury, it does not create an absolute right to relief sufficient to constitute a property or liberty interest.

■ This, of course, does not mean the Secretary may act arbitrarily in granting or denying relief from the federal firearms disabilities. Should the Secretary so act, the appropriate action would be to seek judicial review of the Secretary's decision and not a suit for damages alleging a constitutional tort violation. Judicial review can correct any improprieties in the decisionmaking process which might adversely affect the individual seeking relief. Were every impropriety in decisionmaking by federal agencies to give rise to a constitutional tort claim, the courts would undoubtedly be flooded with such claims. Clearly, no individual has a constitutional right to a particular decision by an agency decisionmaker. As stated by the United States Supreme Court: "[T]o obtain a protectible right 'a person clearly must have more than just an abstract need or desire for it. He must have more than a unilateral expectation of it. He must, instead, have a legitimate claim of entitlement to it.'" *Greenholtz v. Inmates of Nebraska Penal & Correctional Complex,* 442 U.S. 1, 7, 99 S.Ct. 2100, 2103, 60 L.Ed.2d 668 (1979) (quoting *Board of Regents v. Roth,* 408 U.S. at 577, 92 S.Ct. at

2709). In the court's view, 18 U.S.C. § 925(c) does not create such an entitlement.

■ Neither is the court aware of any other constitutional or statutory provision which creates a property or liberty interest of the type alleged to have been deprived here. There can be little dispute with the proposition that "there is no absolute constitutional right of an individual to possess a firearm" *United States v. Swinton,* 521 F.2d 1255, 1259 (10th Cir.1975), *cert. denied,* 424 U.S. 918, 96 S.Ct. 1121, 47 L.Ed.2d 324 (1976). *See also United States v. Miller,* 307 U.S. 174, 59 S.Ct. 816, 83 L.Ed. 1206 (1939). The court is unaware of a single case which has upheld a right to bear arms under the Second Amendment to the Constitution, outside of the context of a militia. In short, there is here alleged no liberty or property interest sufficient to give rise to a procedural due process claim. Accordingly, the court must dismiss the claims alleged in the present action.

■■ Plaintiff has argued quite strenuously in his memorandum the egregious nature of defendants' conduct in denying his application for an exemption. Plaintiff alleges that the defendants maliciously and pursuant to a conspiracy deprived plaintiff of his constitutional rights. It is quite clear, however, that the existence of a conspiracy alone will not give rise to a Bivens-type claim, for the gist of such a claim, like a claim under section 1983, is the deprivation of a constitutional right and not the conspiracy. Because the facts here do not sufficiently allege a deprivation of plaintiff's due process right, there cannot be a constitutional tort cause of action regardless of the defendants' motivation or malicious intent. Assuming that there is no substantial justification for the government's position, plaintiff might be entitled to an award of attorneys fees in his appeal of that decision, pursuant to 28 U.S.C. § 2412 (Supp.1981), but is not entitled to relief under the present complaint.

Plaintiff also raises in his memorandum a possible claim based directly under 18

U.S.C. § 925. As no cause of action is alleged in the complaint under § 925, the court need not address whether a private cause of action may be implied under that section. Accordingly, IT IS ORDERED that defendants' motion to dismiss be granted, provided plaintiff is granted leave to file an amended complaint within fifteen days.