**John KUHNS, Plaintiff,**

v.

**CITY OF COMMERCE CITY, COLORADO, et al., Defendants.**

Civ. A. No. 84–K–1317.

United States District Court, D. Colorado.

April 22, 1985.

**42**

Gary L. Polidori, Lakewood, Colo., Joseph E. Scuro, Jr., San Antonio, Tex., for plaintiff.

Richard D. Greengard, Robert Simon, Denver, Colo., for defendants.

## MEMORANDUM OPINION AND ORDER

KANE, District Judge.

Plaintiff was discharged as an employee of the Commerce City, Colorado police department on September 15, 1983. He instituted this action claiming that the city's actions denied him due process protections insured by the Fourteenth Amendment of the United States Constitution. Trial is scheduled for May 6, 1985. Pending are the plaintiff's and defendants' cross motions for summary judgment.

Summary judgment is a drastic remedy. The Tenth Circuit has cautioned that any relief pursuant to Rule 56, Fed.R.Civ.P., should be applied with care. *Jones v. Nelson*, 484 F.2d 1165, 1168 (10th Cir.1973). The burden is on the moving party to show the absence of a genuine issue of material fact. Pleadings and factual inferences tending to show issues of material fact must be viewed in the light most favorable to the party opposing summary judgment. *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 157–59, 90 S.Ct. 1598, 1608–09, 26 L.Ed.2d 142 (1970); *Rea v. Wichita Mortgage Corp.*, 747 F.2d 567, 573 (10th Cir.1984). However, a party opposing summary judgment may not rest on allegations contained in pleadings to rebut the movant's factual proof in support of the motion for summary judgment. The party opposing the motion must respond with specific facts demonstrating genuine issues requiring resolution at trial. *Id.* Unless the moving party can demonstrate his entitlement beyond a reasonable doubt, summary judgment must be denied. *Norton v. Liddel*, 620 F.2d 1375, 1381 (10th Cir.1980).

The uncontroverted facts are as follows. Plaintiff was discharged because he engaged in on duty social liaisons in violation of city personnel rules. On August 29, 1983 he met with one of his superiors, Lieutenant Kurls, to discuss his activities. On September 6, 1983, plaintiff also met with defendant Neal Wikstrom, chief of police, also concerning his inappropriate behavior. By letter dated September 14, 1983, plaintiff was informed by defendant Bramble, the city manager, that he was being discharged effective September 15. The letter also advised plaintiff of his right to appeal Bramble's decision to the Commerce City Career Service Commission. Appeal was taken and the commission conducted a hearing on October 18, 1983. On October 28, 1983 the commission issued its opinion upholding the dismissal. Although plaintiff could appeal the commission's decision to state courts, he has not done so.

Plaintiff's motion for summary judgment argues solely that the Fourteenth Amendment requires that he be provided the opportunity for a hearing before discharge and that he need not pursue all available state remedies as a requisite to bringing this suit. Defendants' motion argues that: 1) plaintiff had no property interest protected by the Fourteenth Amendment; 2) the procedural due process afforded plaintiff was constitutionally sufficient; and 3) the actions taken in dismissing plaintiff were appropriate and neither arbitrary nor capricious.

The law is clear that if plaintiff had a property interest in his continued employment, he is entitled to a hearing *before* he is discharged. *See Cleveland Bd. of Ed. v. Loudermill,* —— U.S. ——, ——, 105 S.Ct. 1487, 1492, 84 L.Ed.2d 494 (1985); *Boddie v. Connecticut,* 401 U.S. 371, 379, 91 S.Ct. 780, 786, 28 L.Ed.2d 113 (1971); *Mullane v. Central Hanover Bank & Trust Co.,* 339 U.S. 306, 313, 70 S.Ct. 652, 656, 94 L.Ed. 865 (1950); *Miller v. City of Mission, Kansas,* 705 F.2d 368, 372 (10th Cir.1983). The procedures provided by the city cannot obviate the requirements of the Fourteenth Amendment. *Cleveland Bd. of Ed.,* —— U.S. at ——, 105 S.Ct. at 1492–96. Thus, the procedures provided by the city do not comport with the constitutional requirements for protecting property interests.

Plaintiff's federal claim is dependent on his having a property interest in his continued employment.[1] If no property interest exists, then the Fourteenth Amendment does not entitle him to a pre-termination hearing. *Id.* at ——, 105 S.Ct. at 1490, *Board of Regents of State Colleges v. Roth,* 408 U.S. 564, 576–78, 92 S.Ct. 2701, 2708–10, 33 L.Ed.2d 548 (1972); *Martin v. Unified School Dist No. 434, Osage County, Kansas,* 728 F.2d 453, 455 (10th Cir. 1984); *Williams v. West Jordan City,* 714 F.2d 1017, 1019 (10th Cir.1983). Determination of plaintiff's property interests is a question of state law. As the Supreme Court recently stated:

> Property interests are not created by the Constitution, "they are created and their dimensions are defined by existing rules and understandings that stem from an independent source such as state law." *Board of Regents v. Roth, supra,* 408 U.S., at 577, 92 S.Ct. at 2709.

*Cleveland Bd. of Ed.,* —— U.S. at ——, 105 S.Ct. at 1490. The question is essentially whether the plaintiff has a "legitimate, objective expectation of continued employment." *Martin v. Unified School Dist. No. 434, Osage City,* 728 F.2d at 455. Un-

der Colorado statutes and common law a police officer is generally considered an employee at will who has no property interest in continued employment. *See Mitchell v. Town of Eaton,* 176 Colo. 473, 491 P.2d 587 (1971); *Johnson v. City Council for City of Glendale,* 42 Colo.App. 188, 595 P.2d 701 (1979); *Lontine v. VanCleave,* 483 F.2d 966 (10th Cir.1973); *Debono v. Vizas,* 427 F.Supp. 905, 908 (D.Colo.1977) (Finesilver, J.). The case law in this and other jurisdictions generally provides that where the police officer can be fired without cause on the decision of the city manager alone there is no constitutionally protected property interest. *See also Bishop v. Wood,* 426 U.S. 341, 344–47, 96 S.Ct. 2074, 2077–79, 48 L.Ed.2d 684 (1976); *Abeyta v. Town of Taos,* 499 F.2d 323, 327 (10th Cir.1974).

In addition to statutes and general common law principals, a property interest in employment can be created by city ordinance or rules. *See Bishop v. Wood,* 426 U.S. at 344, 96 S.Ct. at 2077; *City and County of Denver v. Industrial Comm'n of the State of Colorado,* 666 P.2d 160, 162 (Colo.App.1983). In particular, plaintiff's employment relationship was defined by the requirements of the Charter of the City of Commerce City as well as the Rules and Regulations Governing the Employees of the City of Commerce City. In *Bishop v. Wood* the Supreme Court held that under North Carolina law an employee who was dischargeable upon written notice of the effective date of discharge and the reasons for discharge, but had no right of judicial review, had no property interest in continued employment. *See also Williams v. West Jordan City,* 714 F.2d at 1020–21. The Tenth Circuit, however, held that under Oklahoma law an employee dischargeable only for cause, who had the right to appeal his discharge to state courts, possessed a protected property interest. *Poolaw v. City of Anadarko, Oklahoma,* 660 F.2d 459, 463–64 (10th Cir.1981). Similarly,

---

1. In order to assert his Constitutional interests in this court, plaintiff need not exhaust all state remedies. *See Patsy v. Florida Bd. of Regents of* *State of Florida,* 457 U.S. 496, 102 S.Ct. 2557, 73 L.Ed.2d 172 (1982).

in the context of analyzing employment in the City and County of Denver, the Colorado Supreme Court held that employees who have vested interests in their job security, seniority rights, disability and sick benefits and pension rights "acquire vested property interests" in their jobs. *City and County of Denver v. Dist. Court for the Second Judicial District in and for the City and County of Denver*, 196 Colo. 134, 140, 582 P.2d 678 (1978). Pursuant to Rule XVI of the Commerce City Employee Rules, plaintiff was only dischargable by the city manager for cause. Plaintiff then had the right to appeal the manager's decision to the City Career Service Commission and then to the state courts. Moreover, as a nonprobationary employee, plaintiff had vested interests in certain fringe benefits. Thus, I find, as a matter of Colorado law, that the provisions of the Commerce City Charter and Employee Rules provide plaintiff with a constitutionally protected property interest in his continued employment.

It is clear that plaintiff was entitled to a pre-discharge hearing. Plaintiff was, however, afforded a full hearing after he was terminated. With the exception of its timing, that hearing sufficiently insured protection of plaintiff's rights to procedural due process. *See Miller v. City of Mission Kansas*, 705 F.2d at 375; *Rosewitz v. Latting*, 689 F.2d 175, 177–78 (10th Cir.1982). Before the hearing, through correspondence and meetings with his superiors, plaintiff was adequately appraised of the claims against him as well as the circumstance surrounding those claims. He was afforded clear notice of the alleged misconduct and reasonable time to marshall facts and evidence. The hearing was conducted before an impartial panel. Plaintiff was represented by counsel who had an opportunity to challenge the evidence and testimony presented by the city as well as present evidence and witnesses of his own. Plaintiff was also provided with the option of appealing the commission's ruling to state courts.

I have reviewed the transcript of the proceedings before the Career Service Commission and its findings and conclusions. Plaintiff has presented no evidence challenging the merits of the commission's findings. I find that the commission's actions were reasonable and appropriate and were neither arbitrary nor capricious. Plaintiff was not deprived of substantive due process.

In conclusion, with the exception of plaintiff's claim that his discharge hearing was untimely, he was afforded the full panoply of rights assured by the Fourteenth Amendment. The plaintiff's motion for summary judgment is, therefore, granted. Defendant's motion for summary judgment is denied in part and granted in part. Because plaintiff's complaint seeks only monetary relief the sole issue remaining for resolution at trial is the determination of the damages, if any, occasioned by defendant's providing plaintiff with a hearing after his discharge instead of before.