JOHN MAROZAS, Plaintiff-Appellant, v. BOARD OF FIRE AND POLICE COMMISSIONERS OF THE CITY OF BURBANK *et al.*, Defendants-Appellees.

First District (3rd Division)  No. 1—90—2050

Opinion filed December 4, 1991.

Frank J. Hucek and Ann M. Hucek, both of Berwyn, for appellant.

Michael G. Cainkar, of Louis F. Cainkar, Ltd., of Chicago, for appellees.

PRESIDING JUSTICE CERDA delivered the opinion of the court:

At issue in this appeal is the trial court's dismissal of counts I and II of plaintiff's complaint, and the denying of plaintiff's three motions to amend his complaint. On appeal, plaintiff, John Marozas, asserts that (1) the trial court erred in dismissing count I of his complaint, which did not name the chief of police as a party defendant; (2) the trial court erred in dismissing count II of his complaint, which sought declaratory relief to void the board's proceedings, raised constitutional issues, and sought other relief; (3) the trial court erred in denying his three motions seeking to add a count for attorney fees under the city's indemnity ordinance, to amend by naming the chief of police as a party defendant, and to consolidate with case No. 84 L 50289; (4) he was deprived of his property rights without procedural due process; and (5) he is entitled to back pay, lost benefits, and damages.

In October 1982, the City of Burbank hired plaintiff as a police officer. In December 1983, the Burbank chief of police recommended to the city police commission that plaintiff be terminated. On December 28, 1983, plaintiff was given a letter signed by the members of the police commission, terminating his employment, effective immediately. Prior to that notice, plaintiff received no other notice; there were no charges filed against him; no investigation was conducted; and no hearing was held.

On February 1, 1984, plaintiff filed a complaint for administrative review and other relief. In case No. 84 L 50289, plaintiff challenged his summary discharge without notice and hearing. The complaint asked for administrative review and a declaratory judgment voiding the discharge and reinstating plaintiff with back pay. The central issue was whether plaintiff had completed his probationary period so that he was not subject to summary discharge.

The trial court found that the probationary period was 90 days, that plaintiff had completed his probationary period, and that plaintiff was not subject to summary discharge. On March 15, 1985, the trial court ordered that the board conduct a hearing on the discharge within 30 days. If such a hearing was not conducted within 30 days or the decision was not appealed, the court directed, plaintiff was to be reinstated. The issue of back pay was reserved by the trial court. Remanding the matter to the board for a full hearing, the trial court's

opinion stated that plaintiff was not entitled to automatic reinstatement.

Defendants appealed the trial court decision. On April 29, 1986, the appellate court affirmed, holding that the probationary period was 90 days, and remanding the case back to the board. Even though the trial court did not order reinstatement or back pay, the appellate court stated, those issues were not reviewed since they were not raised in the appeal.

On June 8, 1986, plaintiff's attorney received a copy of a notice from the board's attorney advising of a June 17, 1986, hearing regarding charges filed against plaintiff. Plaintiff filed various motions for reinstatement and dismissal of the charges, but all were denied. A hearing was set for August 26, 1986, and began on September 9, 1986. At that time, plaintiff renewed his motions to dismiss and for reinstatement. He also filed written motions to object to the board's jurisdiction and authority, and to dismiss the charges on grounds of *laches.* All the motions were denied by the board. At the hearing, which took place over a period of three days, various witnesses gave testimony. On December 11, 1986, after the close of the hearing, the board found plaintiff guilty of eight charges and not guilty of eight charges, ordering a 48-day suspension instead of discharge. Plaintiff was reinstated to active duty on December 31, 1986.

Subsequently, plaintiff filed a complaint. Count I sought administrative review of the findings, decision, and sentence of the board, and count II sought a declaratory judgment to void the proceedings and charges, and to order plaintiff's reinstatement. Count II also alleged deprivation of unspecified constitutional rights.

The trial court granted defendants' motions to dismiss counts I and II. Following *Lockett v. Chicago Police Board* (1990), 133 Ill. 2d 349, the trial court dismissed count I because the city's chief of police was not named as a party defendant. Count II was dismissed because the Administrative Review Act (Ill. Rev. Stat. 1985, ch. 110, par. 3—101 *et seq.*) was the sole remedy available to plaintiff. The trial court then denied plaintiff's motions to add a count for attorney fees and costs under the city's indemnity ordinance, to amend by naming the chief of police as a party defendant, and to consolidate with case No. 84 L 50289.

Contrary to plaintiff's assertions on appeal, this case and *Lockett* are factually similar. The Illinois Supreme Court in *Lockett* affirmed the trial court's dismissal for lack of jurisdiction because the superintendent of police, who filed the charges, was not named as a party defendant and served summons within 35 days of the agency's deci-

sion. (133 Ill. 2d at 354-56.) In *Lockett*, a police officer sought judicial review of a police board decision terminating his employment. The superintendent of police, who filed the initial disciplinary charges, was not named as a party defendant in the administrative review action. The board filed a motion to dismiss the complaint, alleging that the superintendent was a necessary party to the administrative review action and that the failure to name him in the complaint was a fatal defect. In his response, the plaintiff argued that notice to the board was notice to the superintendent since he was an agent of the board. In the alternative, the plaintiff sought to amend his complaint and join the superintendent as a defendant. *Lockett*, 133 Ill. 2d at 351-52.

Dismissing the complaint without granting leave to amend, the *Lockett* trial court ruled that it did not have jurisdiction because the failure to name the superintendent as a party defendant was a fatal defect. (133 Ill. 2d at 352.) The appellate court reversed, holding that the superintendent was not a necessary party since the board's decision was being reviewed, not the decision of the person filing the charges, whose interest was the same as the board's. *Lockett v. Chicago Police Board* (1988), 176 Ill. App. 3d 792, 794.

The Illinois Supreme Court, however, reversed the appellate court, ruling that the trial court properly dismissed the administrative review claim for lack of jurisdiction. The supreme court also explicitly overruled the appellate court cases that had earlier ruled a failure to name and issue summons against necessary parties within the 35-day time limit could be cured by subsequent amendment. *Lockett*, 133 Ill. 2d at 356.

In reaching its decision, the supreme court stated that the appellate court ignored the clear and unambiguous language of the Administrative Review Act (Ill. Rev. Stat. 1985, ch. 110, pars. 3—103, 3—107), which mandates that all parties of record before the agency must be named as defendants in the administrative review action, and that all defendants be issued summons within 35 days of receipt of the agency decision. The supreme court explained that the Administrative Review Act procedures must be strictly followed. (*Lockett*, 133 Ill. 2d at 353.) The requirement that all persons who were parties of record to the administrative agency proceedings must be made defendants is mandatory, specific, and cannot be modified. (*Lockett*, 133 Ill. 2d at 354; *Winston v. Zoning Board of Appeals* (1950), 407 Ill. 588.) Accordingly, the court concluded, since the superintendent of police was a party of record to the board's proceedings, the Act required his being named as a defendant. *Lockett*, 133 Ill. 2d at 354.

■ The *Lockett* decision is controlling. Plaintiff Marozas' arguments against dismissal are essentially the same as those in *Lockett*; that is, notice to the board constituted notice to the chief of police and in the alternative, seeking to amend the complaint to join the chief of police as a party defendant. Contrary to plaintiff's contention, the Burbank chief of police initiated plaintiff's discharge. In December 1983, the chief of police wrote a letter to the board recommending discharge. Shortly after, the board issued a letter of termination, and the chief of police delivered it to plaintiff. That discharge was overturned by the courts.

Plaintiff argues that *Lockett* is distinguishable because the failure to name the superintendent of police as a party defendant was raised at the outset of the *Lockett* case, whereas the motion to dismiss plaintiff's case was made three years after the complaint was filed, following the *Lockett* ruling in 1990. A motion to dismiss because of lack of jurisdiction, however, can be raised at any time. (*Dubin v. Personnel Board* (1989), 128 Ill. 2d 490, 496-97.) Furthermore, there is nothing in the *Lockett* decision that indicates that the timing of the motion to dismiss had any effect on the ruling.

Plaintiff then contends that his complaint was in accordance with the then existing law, which the attorney preparing the administrative review lawsuit was obligated to follow. Plaintiff cites *Schoenbeck v. Board of Fire & Police Commissioners* (1979), 69 Ill. App. 3d 366, and *Rizzo v. Board of Fire & Police Commissioners* (1973), 11 Ill. App. 3d 460, as the controlling case law at the time plaintiff filed his complaint for administrative review. The *Schoenbeck* court held that failure to name the chief of police as a party defendant did not make the complaint fatally defective because he did not have a personal interest in the outcome. (*Schoenbeck*, 69 Ill. App. 3d at 372.) The court stated that his professional interest as head of the police department was identical to that of the board, who was his employer. (*Schoenbeck*, 69 Ill. App. 3d at 372.) The court in *Rizzo* held that the board was the proper defendant in an action under the Administrative Review Act to review a policeman's discharge. *Rizzo*, 11 Ill. App. 3d at 465.

Plaintiff acknowledges, however, that the Illinois Supreme Court in *Lockett* overruled *Schoenbeck* and other appellate court cases that held failure to name and issue summons against necessary parties within the 35-day time limit could be cured by subsequent amendment. (*Lockett*, 133 Ill. 2d at 356.) Specifically, the *Lockett* court stated that the *Schoenbeck* ruling ignored the clear and unambiguous language of the Administrative Review Act. *Lockett*, 133 Ill. 2d at 354.

At the time plaintiff's attorney filed his lawsuit, however, the law regarding necessary parties was specified in the Administrative Review Act. (Ill. Rev. Stat. 1985, ch. 110, par. 3—101 *et seq.*) Moreover, numerous Illinois Supreme Court and Appellate Court cases held that failure to name all parties who were of record at the administrative hearing makes a complaint fatally defective. (See *Winston*, 407 Ill. 588; *O'Hare International Bank v. Zoning Board of Appeals* (1972), 8 Ill. App. 3d 764.) The requirement of naming all parties of record as defendants is both mandatory and jurisdictional. (*Winston*, 407 Ill. at 595-96; *O'Hare International Bank*, 8 Ill. App. 3d at 767.) Section 3—107 of the Administrative Review Act states:

> "In any action to review any final decision of an administrative agency, the administrative agency and all persons, other than the plaintiff, who were parties of record to the proceedings before the administrative agency shall be made defendants." Ill. Rev. Stat. 1985, ch. 110, par. 3—107.

■■ Plaintiff then argues that the proper party defendant was not the chief of police, but the city, which hired and employed him. Plaintiff maintains that the chief of police was not plaintiff's employer and had no authority to hire, promote, or discharge him. Furthermore, plaintiff states, the chief of police acted as the city's representative throughout the case before the board. Accordingly, plaintiff issued and served summons on the city, which filed its appearance.

Plaintiff relies on *Rogenski v. Board of Fire & Police Commissioners* (1972), 6 Ill. App. 3d 604, 608, which held that the party who filed the charges before the board, not its representative, was the necessary party. In assuming that the chief of police was merely acting as a representative of the board and city, plaintiff ignores the fact that the chief of police initiated plaintiff's discharge, resulting in the subsequent board hearing and suspension.

Plaintiff then asks, "What would be the purpose, or point, in having the Chief of Police as a party defendant rather than the City of Burbank, in this particular case, where the plaintiff has been reinstated after the filing of this case?" He goes on to say that the chief of police is no longer employed by the city and that the only remaining issues are the assessment of damages and back pay.

The record indicates that the chief of police was a party of record to the board's hearing, making him a necessary party defendant in the subsequent administrative review action. That does not mean that the city is not also a necessary party defendant. Moreover, plaintiff is confusing his earlier summary discharge, which was reversed, with the administrative review of his suspension hearing, which is at issue

in this appeal. If plaintiff maintains that the only remaining issues are the assessment of damages and back pay, those are not issues properly before this court. Failure to raise those issues at the administrative hearing constitutes waiver of the right to raise them on appeal. (*Waste Management of Illinois, Inc. v. Pollution Control Board* (1988), 175 Ill. App. 3d 1023, 1036.) Furthermore, those are issues relating to the prior lawsuit, which challenged plaintiff's discharge.

■ We reject plaintiff's argument that the Illinois Supreme Court decision in *Lockett* should not be applied retroactively. *Lockett* is to be applied retroactively since the dismissal of the administrative review complaint essentially gave the decision retroactive effect. It is within the inherent power of the State's highest court to give a decision prospective or retroactive application. (*Castaneda v. Illinois Human Rights Comm'n* (1989), 132 Ill. 2d 304, 328-29.) Although reliance is a factor to be considered (*Brown v. Metzger* (1984), 104 Ill. 2d 30), a decision will generally be applied retroactively unless the court expressly declares that its decision is a clear break with the past. (*Larrance v. Human Rights Comm'n* (1988), 166 Ill. App. 3d 224.) The criteria for determining prospective or retroactive application of a decision are (1) a decision to be applied prospectively must establish a new principle of law; (2) whether the purpose and effect of the new decision are best served by prospective or retroactive application; and (3) the equities of the situation. *Larrance*, 166 Ill. App. 3d at 230.

In *Strang v. Department of Transportation* (1990), 206 Ill. App. 3d 368, 372, the court rejected the plaintiff's argument that *Lockett* should not be applied retroactively to his case, stating that historically, overruling decisions have been given retroactive effect. The *Strang* court ruled that *Lockett* is to be retroactively applied because it is silent as to the scope of its application. 206 Ill. App. 3d at 373.

The *Lockett* decision does not establish a new principle of law since the plain language of the Administrative Review Act requires naming all parties of record at the administrative hearing as party defendants. Judicial interpretation of a statute does not necessarily constitute a change in law. (*People v. Crete* (1986), 113 Ill. 2d 156, 163.) When interpreting statutes, the statute does not mean one thing prior to a judicial interpretation and another afterwards. (*Gates v. United States* (7th Cir. 1975), 515 F.2d 73, 78.) Where judicial interpretation of a statute is a commonsense construction based on the clear wording of the statute, it does not have to be applied only prospectively. *People v. Turnbeaugh* (1983), 116 Ill. App. 3d 199, 205.

Furthermore, a decision on a question of jurisdiction must be given retroactive application. In *Strang*, the court ruled that the

plaintiff's failure to name the necessary parties in a timely manner deprived the court of subject-matter jurisdiction. (*Strang,* 206 Ill. App. 3d at 373.) By the very nature of the subject matter, a decision on a question of jurisdiction must be retroactive since a court cannot consider the merits of a case over which it has no jurisdiction. *Lurz v. Panek* (1988), 166 Ill. App. 3d 179, 183.

Finally, plaintiff has offered no equitable considerations justifying his failure to comply with the statute. Naming the chief of police as a party defendant took a minimal amount of effort on plaintiff's part. Moreover, plaintiff's argument that *Lockett* should be restricted to the facts of that particular case because no appellee brief was filed is without merit.

We find *Lockett* controlling and apply it retroactively. The *Lockett* court explicitly overturned contrary appellate court decisions and did not limit its applicability to prospective use. Its interpretation of the Administrative Review Act was not a change of law and its ruling was a question of jurisdiction. Moreover, the cases relied on by plaintiff for not naming the chief of police as a party defendant were not the only cases on the subject. Other appellate court cases and at least one Illinois Supreme Court case held that every party of record in an administrative hearing must be named as a party defendant in any subsequent administrative review claim. (See *Winston,* 407 Ill. 588; *O'Hare International Bank,* 8 Ill. App. 3d 764.) Consequently, the trial court properly dismissed count I of the complaint.

Next, plaintiff asserts that the trial court erred in dismissing count II of the complaint even though the Administrative Review Act provides that it is the sole remedy of any party seeking review of a final decision of a board. (*People ex rel. Smith v. Board of Fire & Police Commissioners* (1977), 51 Ill. App. 3d 221.) Plaintiff maintains that his complaint contained one count filed under the Administrative Review Act and a second count, a declaratory relief count, which sought a declaration that the board's proceedings were entirely void because they deprived plaintiff of his constitutional rights, including procedural due process rights. Furthermore, plaintiff contends, the constitutional issues he raised required the court to consider evidence of redress and award damages under 42 U.S.C.A. section 1983 (West 1988).

Plaintiff argues that Illinois statutes authorize count II of his complaint. He relies on section 2—701(b) of the Code of Civil Procedure (Ill. Rev. Stat. 1985, ch. 110, par. 2—701(b)), which provides that a declaration of rights may be part of a complaint seeking other relief, and sections 2—603(b) and 2—613(a) of the Illinois Code of Civil Pro-

cedure (Ill. Rev. Stat. 1985, ch. 110, pars. 2—603(b), 2—613(a)), which authorize parties to plead as many causes of action as they may have, separately designated and numbered.

Further, plaintiff relies on *Young v. Hansen* (1969), 118 Ill. App. 2d 1, 5, to assert that the declaratory judgment act (Ill. Rev. Stat. 1985, ch. 110, par. 2—701) does not become inapplicable merely because relief or remedies other than a declaration of rights are sought. *Young* also states, however, that the declaratory judgment action should be available along with other remedies *if there is no particular reason for denying the use of this procedure when another remedy is available.* (Emphasis added.) (*Young,* 118 Ill. App. 2d at 6.) Therefore, *Young* is inapplicable because the Administrative Review Act expressly denies the use of any other form of relief.

Defendants reply that the Administrative Review Act precludes plaintiff from any other avenues of redress. By its express terms, defendants state, section 2—347 of the Municipal Code of the City of Burbank provides that the Administrative Review Act governs in all reviews of any final administrative decisions by the board. Furthermore, the Administrative Review Act states that in all administrative review cases, "any other statutory, equitable or common law mode of review of decisions of administrative agencies heretofore available shall not hereafter be employed." Ill. Rev. Stat. 1985, ch. 110, par. 3—102.

Defendants cite various cases holding that no other relief is available, including declaratory relief, where a statutory scheme confers power on an administrative agency and adopts the Administrative Review Act as its method of reviewing the agency's decisions. See *Dubin v. Personnel Board* (1989), 128 Ill. 2d 490; *Coles-Moultrie Electric Cooperative v. Illinois Commerce Comm'n* (1985), 131 Ill. App. 3d 946; *Sullivan v. Board of Fire & Police Commissioners* (1981), 103 Ill. App. 3d 167; *People ex rel. Smith v. Board of Fire & Police Commissioners* (1977), 51 Ill. App. 3d 221.

The Administrative Review Act provides a simple mode of review, eliminates the inequities and confusion of traditional common law remedies, and provides a single uniform method by which administrative decisions of a governmental agency can be reviewed. (*People ex rel. Smith,* 51 Ill. App. 3d at 223.) When the Act applies, it is the sole and exclusive method for obtaining judicial review of an administrative decision. (*Broccolo v. Village of Skokie* (1972), 14 Ill. App. 3d 27, 31.) Furthermore, the reviewing court's power to resolve any controversy regarding the sufficiency of the administrative agency's findings of fact must be exercised within the course of reviewing the board's

discharge order and not in a separate proceeding. *Dubin*, 128 Ill. 2d at 499.

█ We reject plaintiff's argument that count II properly seeks a declaratory judgment voiding the board's decision based on constitutional grounds. Any due process claims are inherent in an administrative review action because the reviewing court has a duty to insure that due process and an impartial adjudication were provided at the administrative hearing. (*Lee v. City of Peoria* (7th Cir. 1982), 685 F.2d 196, 201; *Edwards v. City of Quincy* (1984), 124 Ill. App. 3d 1004, 1012.) The purpose of administrative review is "to make certain the agency has acted within its judicial bounds defined by law, to guard those statutory and constitutional rights guaranteed to one subject to administrative action, and to ascertain whether the record supports the order issued." *Edwards*, 124 Ill. App. 3d at 1012.

Moreover, plaintiff's complaint relates solely to the hearing that resulted in his suspension, not his previous discharge. Therefore, issues emanating from the previous case and not raised at the suspension hearing are not proper for review by this court. Those include the issues of back pay and damages.

We also reject plaintiff's argument that he raised a valid section 1983 claim. The complaint states only that the board's "wrongful and incorrect actions *** deprived [him] of his Constitutional rights under the Constitutions of the United States of America and of the State of Illinois." Those pleadings failed to allege anything resembling a cause of action for a section 1983 claim. Furthermore, plaintiff waived the issue on review because he did not raise it at the trial level. *Mendleson v. Lillard* (1980), 83 Ill. App. 3d 1088, 1093.

We find that the trial court properly dismissed count II because it improperly sought a declaratory judgment on the board's final decision. In considering a motion to dismiss, the pleadings are to be strictly construed against the pleader. (*Sullivan*, 103 Ill. App. 3d at 173.) Count II incorporated all of count I, which was the administrative review claim. It then claimed that the board's wrongful and incorrect actions deprived plaintiff of unspecified constitutional rights, and that the filing and prosecution of the charges were politically and personally motivated. Ostensibly, these claims refer to plaintiff's due process rights, which are necessarily reviewed by the court within the administrative review claim.

Furthermore, plaintiff's claim regarding the motivations of the board was waived because it was not raised in the administrative hearing. A claim of bias or prejudice on the part of a member of the administrative agency must be asserted promptly after knowledge of

the alleged disqualification. *Waste Management*, 175 Ill. App. 3d at 1039.

Count II then claims that the board wrongfully refused to reinstate plaintiff. This is also a review of the board's final decision since plaintiff's motion for reinstatement was denied as part of the hearing. In fact, paragraph 9(a) of count I claims that plaintiff's motion for reinstatement was erroneously denied by the board.

■■ Plaintiff then asserts that the trial court erred in denying his motion to amend the complaint to add the Burbank chief of police as a party defendant. Instead of arguing the basis of such an amendment, however, plaintiff contends that the chief of police could not contribute anything to the proceeding except to avoid dismissal of the case.

Plaintiff's motion to add the chief of police as a party defendant was properly denied. If the amendment was intended to comply with the Administrative Review Act's jurisdictional requirement, it was foreclosed by the *Lockett* decision. If the amendment was for the purpose of pursuing other causes of action arising from his suspension, the sole remedy is pursuant to the Administrative Review Act.

■■ Next, plaintiff contends that the trial court erred in denying his motion to amend the complaint for back pay, damages, and reimbursement of attorney fees pursuant to the city's indemnification ordinance. Plaintiff addresses only the indemnification issue. He relies on *Anderson v. City of Kewanee* (1981), 99 Ill. App. 3d 456, where the police and fire chiefs were terminated from their employment, were ordered reinstated by the court, and again terminated. Pursuant to a city indemnification ordinance, the two chiefs filed a lawsuit to recover legal fees and costs in all of the suits. Since the ordinance provided indemnification for any proceeding in which an employee may be involved, the *Anderson* court ruled that it did not limit indemnification to employees who are defendants in an action. *Anderson*, 99 Ill. App. 3d at 461.

The trial court properly denied plaintiff's motions to add back pay, damages, and indemnification. The administrative review action was barred because of the failure to name the chief of police as a defendant. Furthermore, if there had been a proper administrative review action, plaintiff would have waived those issues because they were not raised during the board's hearing. (*Waste Management*, 175 Ill. App. 3d at 1039.) Finally, those claims were based on the earlier dismissal, not the suspension hearing, which was the subject of this appeal.

■■ Next, plaintiff asserts that the trial court erred in denying his motion to consolidate this case with No. 84 L 50289 for the determi-

nation of back pay and damages since the issue was specifically reserved in that previous case. Plaintiff gives no authority and no argument for his contention.

The two cases cannot be consolidated unless separate pending actions exist. Illinois law provides that actions pending in the same court may be consolidated for convenience. (Ill. Rev. Stat. 1987, ch. 110, par. 2—1006.) The prior litigation, case 84 L 50289, ended with a final and appealable order, and was affirmed on appeal. Therefore, the trial court did not abuse its discretion in denying the motion to consolidate. *Clore v. Fredman* (1974), 59 Ill. 2d 20, 28.

■ Finally, plaintiff confusedly raises a due process argument. He states that his constitutional rights were violated when he was wrongfully discharged without a hearing, and wrongfully kept off his job and deprived of his pay and benefits for three years. Therefore, he argues, since he had a property interest of which he was wrongfully deprived without procedural due process, he was entitled to recover damages under section 1983. He relies on *Kuhns v. City of Commerce City* (D. Colo. 1985), 621 F. Supp. 41, and *Vinyard v. King* (10th Cir. 1984), 728 F.2d 428. *Kuhns* was remanded for the trial court to determine whether there were damages caused because the hearing was after the discharge rather than before (*Kuhns*, 621 F. Supp. at 44), and *Vinyard* held that termination without a hearing to determine whether cause existed was a section 1983 violation (*Vinyard*, 728 F.2d at 433).

Plaintiff is confusing his discharge, which was overturned, with his administrative hearing, which resulted in his suspension. This case is an administrative review of the board's suspension hearing, which resulted in his suspension, not a review of his earlier dismissal, which was the subject of previous litigation over which we have no jurisdiction.

Based on the foregoing, the circuit court judgment is affirmed.

Affirmed.

RIZZI and TULLY,* JJ., concur.

---

*Justice White heard oral arguments on this case prior to his retirement. Justice Tully reviewed the briefs and the record and concurred with the decision.