HEALTH EMPLOYEES LABOR PROGRAM OF METROPOLITAN CHICAGO, Plaintiff-Appellant, v. THE COUNTY OF COOK, Defendant-Appellee.

First District (3rd Division)   No. 1—90—3181

Opinion filed September 16, 1992.—Rehearing denied November 11, 1992.

Irving M. Friedman and Denise S. Poloyac, both of Katz, Friedman, Schur & Eagle, of Chicago, for appellant.

Jack O'Malley, State's Attorney, of Chicago (Karen Covy, Karen J. Dimond, and Joan T. Agnew, Assistant State's Attorneys, of counsel), for appellee.

PRESIDING JUSTICE GREIMAN delivered the opinion of the court:

Plaintiff, Health Employees Labor Program of Metropolitan Chicago (Union), appeals from the dismissal of its complaint which sought to compel defendant, County of Cook (County), to arbitrate the grievances of two employees who were covered by the collective-bargaining agreement between the parties and who had been discharged by the County. The Union's complaint was predicated on the provisions of the Illinois Public Labor Relations Act (Ill. Rev. Stat. 1989, ch. 48, par. 1601 *et seq.*) and the Uniform Arbitration Act (Ill. Rev. Stat. 1989, ch. 10, par. 101 *et seq.*).

For the reasons which follow, we reverse the trial court's order dismissing the Union's complaint.

The Union is the sole and exclusive representative for all employees of Cook County at Cook County Hospital, Oak Forest Hospital and Cermak Health Services in certain technician job classifications. The Union and the County are parties to a collective-bargaining agreement (Agreement).

The two discharged employees, Benjamin Dixon and Michael Ross, were employed by the County as emergency medical technicians at Cermak Health Services. On March 13, 1990, following disciplinary hearings, the Civil Service Commission terminated Dixon for excessive absenteeism and tardiness, and discharged Ross for verbal abuse of patients.

Prior to their dismissals, both Ross and Dixon had initiated grievance procedures pursuant to the Agreement. The County refused to process and to arbitrate their grievances in accordance with the Agreement. The grievants timely requested that their hearings before the Civil Service Commission be stayed pending arbitration of their grievances. When their requests were denied, the grievants participated in the proceedings under protest. Thereafter, the Union filed its complaint.

The County moved to dismiss the Union's complaint on the basis of section 2—619(a)(9), which provides for involuntary dismissal where

"the claim asserted against defendant is barred by other affirmative matter avoiding the legal effect of or defeating the claim." (Ill. Rev. Stat. 1989, ch. 110, par. 2—619(a)(9).) The affirmative matter presented by the County was the civil service system pertaining to the officers and employees in Cook County, *i.e.*, the Counties Code (Ill. Rev. Stat. 1989, ch. 34, par. 3—14001 *et seq.*).

The circuit court granted the County's motion to dismiss and based its decision on the priority of the civil service laws.

On appeal, the Union asserts that (1) the trial court erred in basing its decision on facts that were not properly before the court, and (2) the civil service process is "irrelevant" to the Union's complaint to compel arbitration.

■■ The Union argues that in granting the County's section 2—619 motion to dismiss, the circuit court relied upon facts which did not appear on the face of the pleadings and were not supported by affidavits as required by section 2—619.

As to the Union's first issue, the record reveals that the grounds, *i.e.*, the statute providing for civil service dismissals, asserted by the County for the dismissal of the Union's complaint appeared on the face of the complaint and, therefore, no affidavits were required.

■■ The Union next contends that its right to arbitration derives from the parties' collective-bargaining agreement, the Uniform Arbitration Act, and the Illinois Public Labor Relations Act. Accordingly, the Union argues that the civil service system is not relevant to its complaint to compel arbitration.

The County responds that civil service dismissals are not covered by the Agreement but rather are governed by the statutorily created civil service system under the Counties Code and primarily relies on *County of Cook v. Illinois Local Labor Relations Board* (1990), 204 Ill. App. 3d 370, 561 N.E.2d 1089, which has been reversed by the Illinois Supreme Court in *American Federation of State, County & Municipal Employees v. County of Cook* (1991), 145 Ill. 2d 475, 584 N.E.2d 116 (*AFSCME*).

We find that the supreme court decision in *AFSCME* is dispositive of this issue.

In *AFSCME*, the supreme court rejected the county's argument that the employees' membership in a collective-bargaining unit was irrelevant to their civil service status and specifically held that Cook County's "status as a home rule unit of local government renders the civil service provisions of the [Counties] Code optional upon it." (*AFSCME*, 145 Ill. 2d at 491.) Consequently, the civil service system "cannot be held to prevail over the rights of public employees, who

\*\*\* have become members of a collective-bargaining unit duly authorized by the employees and recognized by the employer." *AFSCME*, 145 Ill. 2d at 487.

The court in *AFSCME* discussed at length and followed the rationale of its prior decision in *City of Decatur v. American Federation of State, County, & Municipal Employees, Local 268* (1988), 122 Ill. 2d 353, 522 N.E.2d 1219, which held that Decatur, a home rule city, had a duty to bargain with the union, *i.e.*, AFSCME, over its arbitration proposal. The *City of Decatur* court relied on the legislature's articulation of the public policy of the State in section 2 of the Illinois Public Labor Relations Act.

> "It is the public policy of the State of Illinois to grant public employees full freedom of association, self-organization, and designation of representatives of their own choosing for the purpose of negotiating wages, hours and other conditions of employment or other mutual aid or protection." (Ill. Rev. Stat. 1985, ch. 48, par. 1602.)

The court in *City of Decatur* also considered the legislature's preference for arbitration in resolving labor disputes as recognized in section 8 of the Illinois Public Labor Relations Act, which provides as follows:

> "The collective bargaining agreement negotiated between the employer and the exclusive representative shall contain a grievance resolution procedure which shall apply to all employees in the bargaining unit and shall provide for final and binding arbitration of disputes concerning the administration or interpretation of the agreement unless mutually agreed otherwise." Ill. Rev. Stat. 1985, ch. 48, par. 1608.

The Illinois Public Labor Relations Act further provides that its provisions "or any collective-bargaining agreement negotiated thereunder shall prevail and control" over "any other law, executive order or administration regulation relating to wages, hours and conditions of employment and employment relations." Ill. Rev. Stat. 1985, ch. 48, par. 1615.

The grievance and arbitration provisions contained in any collective-bargaining are subject to the Illinois Uniform Arbitration Act. Ill. Rev. Stat. 1985, ch. 48, par. 1608.

The decisions in *AFSCME* and *City of Decatur* make clear that a civil service system established in a home rule city is only optional in nature. A home rule entity, notwithstanding the existence of an optional civil service system, has a duty to bargain with a union over the effects of requiring certain employees to take a civil service examina-

tion (*AFSCME*, 145 Ill. 2d 475, 584 N.E.2d 116) and over a union's arbitration proposal (*City of Decatur*, 122 Ill. 2d 353, 522 N.E.2d 1219). Given that a duty to bargain exists, the parties certainly must be obligated to follow the provisions of an agreement established through the collective-bargaining process.

A section 2—619 motion is intended to provide a mechanism to dispose of issues of law or easily proved issues of facts. (*Brown v. Chicago Park District* (1991), 218 Ill. App. 3d 612, 615, 578 N.E.2d 999.) Generally, "a section 2—619 motion is properly allowed only when it raises an affirmative matter which negates plaintiff's cause of action completely or when it refutes crucial conclusions of law or conclusions of material fact that are unsupported by allegations of specific facts." *Santa Claus Industries, Inc. v. First National Bank* (1991), 216 Ill. App. 3d 231, 236, 576 N.E.2d 326.

The affirmative matter raised by the County in the present case was the procedure for civil service dismissals provided in the Counties Code. Since the civil service system is optional and does not prevail over an existing collective-bargaining agreement, the County has failed to assert affirmative matter that would defeat the Union's cause of action.

Accordingly, we find that the trial court erred in granting the County's section 2—619 motion to dismiss.

Reversed and remanded.

RIZZI, and TULLY, JJ., concur.