SIXTH DIVISION

September 25, 1998

No. 1-96-4351

THE CITY OF MARKHAM, ) Appeal from the 

 ) Circuit Court

Plaintiff-Appellant, ) of Cook County.

 )

v. ) 

 )

STATE AND MUNICIPAL TEAMSTERS, )

CHAUFFEURS AND HELPERS, ) Honorable

LOCAL 726, ) MICHAEL BRENNAN GETTY,

 ) Judge Presiding.

Defendant-Appellee. )

JUSTICE BUCKLEY delivered the opinion of the court:

This case arises from an award in an interest arbitration proceeding that began when the parties disputed a provision in a collective bargaining agreement concerning the method of determining discipline of police officers.  The arbitrator rejected plaintiff the City of Markham's (the City) proposal, favoring that offered by defendant, the State and Municipal Teamsters, Local 726, which allows police officers to circumvent otherwise mandatory statutory procedures by submitting final disciplinary decisions of the City's Board of Fire and Police Commissioners (BFPC) to arbitration as grievances.   

On appeal, the following issues are raised:  (1) whether the arbitrator had the authority to impose upon the City, as a non-home rule entity, a collective bargaining agreement which provides for employee discipline different from that mandated by the General Assembly in the Illinois Municipal Code (Code) (65 ILCS 5/10-2.1-1 
et seq.
 (West 1996)); (2) whether section 7 of the Illinois Public Labor Relations Act (the Act) (5 ILCS 315/7 (West 1996)) exempts the City from any duty to bargain collectively over subject matter contained in the Code; (3) whether the award is invalid as a matter of law; and (4) whether the award unlawfully vitiates the role of the circuit court in the administrative review of decisions of the BFPC.

In July 1988, defendant was certified by the Illinois State Labor Relations Board (ISLRB) as the exclusive bargaining representative for the City's patrol officers and sergeants.  While negotiating a collective bargaining agreement, the parties were unable to reach agreement on the issue of allowing City employees to grieve and arbitrate discipline.  In 1989, after the parties reached impasse, they proceeded to interest arbitration pursuant to section 14 of the Act.  5 ILCS 315/14 (West 1996).  

The parties disagreed over the employee grievance and arbitration process, apparent in each parties' offered contractual language.  The City proposed that the bargaining agreement should not modify the authority of the BFPC, which will retain the sole and exclusive authority to resolve disputes over disciplinary suspensions of five days or more or discharge, and that the grievance/arbitration procedure would apply only to matters outside the scope of the BFPC's authority.  Defendant proposed that City employees have the option of appealing disciplinary decisions either to the BFPC or to arbitration.  Its proposal contained the following language:

"Grievances may be filed with respect to any disciplinary action (other than an oral reprimand) taken against an employee when an employee believes the disciplinary action is not for just cause.  ***  If the discipline is ordered by the [BFPC], the grievance may be appealed directly to arbitration within 10 calendar days after the issuance of the disciplinary decision."

At the commencement of the interest arbitration hearing, the City objected that section 7 of the Act (5 ILCS 315/7 (West 1996)) exempts the City from any duty to bargain over this issue.  The arbitrator overruled the objection and the hearing was held, after which the arbitrator adopted defendant's proposal.

The City filed an action in the circuit court to vacate the interest arbitration award.  The City maintained that the disciplinary provision is unlawful because the City lacks the authority to implement the provision.  The City, as a non-home- rule municipality with a population over 5,000, is subject to the Code (65 ILCS 5/10-2.1-1 
et seq.
 (West 1996)), which sets forth mandatory procedures to be followed in disciplining police officers and firefighters.  Accordingly, if the City must comply with the Code, it cannot comply with the interest arbitration award.  

Both parties filed motions for summary judgment.  The trial court phrased the issue before it as "whether the procedure for disciplining police officers was a proper subject for collective  bargaining and, therefore, whether it was within the authority of the Arbitrator to make a ruling on this issue."  The trial court concluded that "it was within the authority of the Arbitrator to allow police officers to submit disciplinary grievances to arbitration."  Thus, the court granted defendant's motion and denied that of the City.  This appeal follows.

We are asked to determine whether the arbitrator had the authority to impose the interest arbitration award on the City, a non-home-rule municipality operating under a mandatory BFPC system.  A non-home-rule entity possesses no inherent governmental powers not specifically provided to it by the General Assembly.  Ill. Const. 1970, art. VII, §8.  Non-home-rule municipalities that have a population of more than 5,000 residents, such as the City, must adhere to the Code.  See 65 ILCS 5/10-2.1-1 
et seq
. (West 1996).  The Code includes specific statutory procedures that a municipality must follow in disciplining and terminating its employees.  See 65 ILCS 5/10-

2.1-1 
et seq
. (West 1996).  Since non-home-rule municipalities lack the power to abolish or amend any statutory mandates, including those found in the Code, unless the legislature specifically grants it such power, a non-home-rule municipality cannot avoid its statutory obligations by contracting with a labor union, such as defendant in this case.  

Not only is the Code binding on the City, but the City is precluded under section 7 of the Act (5 ILCS 315/7 (West 1996)) from bargaining over matters that are covered by the Code.  The Act governs the collective bargaining relationships of public employers and employees in Illinois.  Section 7 of the Act provides:

"A public employer and the exclusive representative have the authority and the duty to bargain collectively *** 

***

*** with respect to wages, hours, and other conditions of employment, 
not specifically provided for in any other law or not specifically in violation of the provisions of any law
."   (Emphasis added.) 5 ILCS 315/7 (West 1996).

In the present case, the Union proposed and the interest arbitrator awarded a contract provision providing for arbitration of police officer discipline at the employee's option, provided the employee agrees to forgo the procedural safeguards afforded by the Code.  However, the Code specifically mandates:

"[N]o officer or member of the fire or police department of any municipality subject to *** [the Code] shall be removed or discharged except for cause, upon written charges, and after an opportunity to be heard in his own defense.  ***  The [BFPC] shall conduct a fair and impartial hearing of the charges, to be commenced within 30 days of the filing thereof, which hearing may be continued from time to time.  In case an officer or member is found guilty, the board may discharge him, or may suspend him not exceeding 30 days without pay."  65 ILCS 5/10-2.1-17 (West 1996).

According to the relevant and explicit statutory language, because the discipline of police officers is "specifically provided for" in the Code, it is not a proper subject of bargaining, pursuant to section 7 of the Act.  5 ILCS 315/7 (West 1996).  Thus, the parties are precluded from bargaining over employee discipline altogether.  We find that the arbitrator lacked the authority to issue an interest award that ignores the limitations imposed by section 7 of the Act and forces the City to violate the express mandates of the Code.

We disagree with the circuit court that resolution of this case ought to be premised on the Illinois Supreme Court's ruling in 
City of Decatur v. American Federation of State, County & Municipal Employees, Local 268
, 122 Ill. 2d 353, 522 N.E.2d 1219 (1988).  That case involved the same issue, namely, whether section 7 of the Act effectively limits the bargaining power of public employees, but there are two significant differences that make 
Decatur
 stand apart from the present case.  First, the civil service commission in 
Decatur
 was optional; the Code in this case is a mandatory civil code.  Second, Decatur is a home-rule municipality, whereas the City is a non-home-rule entity.  Thus, the City of Decatur, unlike the City here, had the sole and exclusive ability to control which parts of its optional civil service code it would adopt, alter, amend or abolish. 

In line with our reasoning above, the interest arbitration award is invalid as a matter of law in that it allows City employees to forgo judicial review of a final BFPC decision, as provided in the Code, and instead demand arbitration to challenge the decision.  The Code expressly provides:  "The provisions of the Administrative Review Law *** shall apply to and govern all proceedings for the judicial review of final administrative decisions of the [BFPC] hereunder."  65 ILCS 5/10-2.1-17 (West 1996).  Thus, not only does the Code provide for the discipline of public employees, but it also provides the means by which BFPC disciplinary decisions are to be appealed.

Illinois courts have held that, according to the Code, administrative review is the exclusive means by which to challenge decisions by a board of fire and police commissioners.  See 
Burgess v. Board of Fire & Police Commissioners
, 275 Ill. App. 3d 315, 320, 655 N.E.2d 1157, 1160 (1995) (holding that "all final decisions rendered by boards of fire and police commissioners constituted under the [Code] *** are reviewable exclusively under the Administrative Review Law" (emphasis omitted)).  Courts have also noted the important state policies advanced by having administrative review act as the sole method for appealing a decision of a board of fire and police commissioners.  In 
Marozas v. Board of Fire & Police Commissioners
, 222 Ill. App. 3d 781, 584 N.E.2d 402 (1991), the court stated:

"The purpose of administrative review is 'to make certain the agency has acted within its judicial bounds defined by law, to guard those statutory and constitutional rights guaranteed to one subject to administrative action, and to ascertain whether the record supports the order issued.'
"  
Marozas
, 222 Ill. App. 3d at 791, 584 N.E.2d at 408-09, quoting 
Edwards v. City of Quincy
, 124 Ill. App. 3d 1004, 1012 (1984).

In this case, defendant proposed, and the interest arbitrator awarded, a contract provision that creates an entirely different procedure for appealing final disciplinary decisions of the BFPC from that found in the Code by permitting City employees to submit disciplinary grievances to arbitration.  We disagree with the trial court that the award merely supplements the procedure provided by the Code, which states unequivocally that administrative review shall be the exclusive means to challenge final decisions by the BFPC.  The Code specifically provides the means for review of BFPC decisions and the City is not permitted to deviate from its mandates.  By upholding the interest arbitration award, the circuit court erred as a matter of law.

For the foregoing reasons, we reverse the judgment of the circuit court of Cook County.

Reversed.

O'BRIEN, P.J. and GALLAGHER, J., concur.