ADAMS COUNTY SHERIFF ROBERT NALL *et al.*, Plaintiffs-Appellants, v. THE INTERNATIONAL ASSOCIATION OF MACHINISTS AND AEROSPACE WORKERS, AFL-CIO, LOCAL LODGE 822, DISTRICT 123, Defendant-Appellee.

Fourth District No. 4—98—0482

Argued January 20, 1999.—Opinion filed November 4, 1999, *nunc pro tunc* September 30, 1999.

MYERSCOUGH, J., specially concurring in part and dissenting in part.

Brian A. Schroeder (argued), of Thomas F. McGuire & Associates, Ltd., of Long Grove, for appellants.

Richard D. Frazier (argued), of Metnick, Cherry & Frazier, of Springfield, for appellee.

PRESIDING JUSTICE KNECHT delivered the opinion of the court:

In November 1997, plaintiffs, Adams County Sheriff Robert Nall and the Adams County Sheriff's Merit Commission (Commission), filed a declaratory judgment action alleging Sheriff Nall was under no obligation to bargain with defendant, the International Association of Machinists and Aerospace Workers, AFL-CIO, Local Lodge 822, District 123 (Union), regarding the Commission's disciplinary and promotional procedures. The circuit court granted defendant's motion to dismiss (735 ILCS 5/2—615 (West 1996)). Plaintiffs appeal, arguing they could not bargain over this issue because the legislature mandated Adams County adopt and implement specific procedures governing employee discipline and promotions. We agree and reverse.

## I. BACKGROUND

Adams County originally created the Commission in 1969 pursuant to either the County Police Department Act (Ill. Rev. Stat. 1967, ch. 125, par. 101 *et seq.* (repealed by Pub. Act 81—1475, § 19, eff. January 1, 1981 (1980 Ill. Laws 1651, 1658))), or section 58.1 of "An Act to revise the law in relation to counties" (Ill. Rev. Stat. 1979, ch. 34, par. 859.1 (Merit System for Deputy Sheriffs) (repealed by Pub. Act 81—1475, § 19, eff. January 1, 1981 (1980 Ill. Laws 1651, 1658))). In 1974, Sheriff Nall became Adams County's sheriff.

In January 1996, the Union became the exclusive bargaining representative for all full-time sworn patrol officers, deputy sheriffs, corrections officers, and employees assigned to the "SWAP" program of the sheriff's office. In November 1997, plaintiffs filed a declaratory judgment action asking the court to find Sheriff Nall could not bargain over the disciplinary and promotional procedures.

■ Plaintiffs' complaint alleged that in March 1996 Sheriff Nall and the Union engaged in negotiations for a collective-bargaining agreement. During these negotiations, the Union sought to include provisions allowing for arbitration of disciplinary and promotional issues. However, Sheriff Nall refused to bargain over this issue because section 3—8002 (55 ILCS 5/3—8002 (West 1996)) of the Sheriff's Merit System Law (Merit Law) (55 ILCS 5/3—8001 through 3—8018 (West 1996)), a division of the Counties Code (55 ILCS 5/1—1001 *et seq.* (West 1996)), required Adams County to adopt the disciplinary and promotional procedures established therein. Section 3—8002 provides, in pertinent part:

"The county board of every county having a county police department merit board established under 'The County Police Department Act' *** or a merit commission for sheriff's personnel established under Section 58.1 of 'An Act to revise the law in relation to counties' *** *shall adopt and implement* the merit system provided by this Division and *shall modify* the merit system *** to comply with this Division." (Emphasis added.) 55 ILCS 5/3—8002 (West 1996).

Thereafter, the parties reached a collective-bargaining agreement but did not include procedures governing discipline and promotions. Plaintiffs attached a copy of the agreement to the complaint. Plaintiffs also filed an affidavit from the clerk of Adams County indicating Adams County was not a home rule unit of government (Ill. Const. 1970, art. VII, § 6). The Union moved to dismiss the complaint pursuant to section 2—615(a) of the Code of Civil Procedure (735 ILCS 5/2—615(a) (West 1996)) for failure to state a cause of action. The court granted the Union's motion. This appeal followed.

## II. ANALYSIS

On appeal, plaintiffs assert section 3—8002 of the Merit Law mandated Adams County adopt the disciplinary and promotional procedures set forth by the legislature (55 ILCS 5/3—8013, 3—8014 (West 1996)). They contend Adams County could not amend or alter the Merit Law's provisions because it is not a home rule unit of government. Accordingly, they argue Sheriff Nall could not bargain over these issues. See *City of Decatur v. American Federation of State, County, & Municipal Employees, Local 268*, 122 Ill. 2d 353, 365-66, 522 N.E.2d 1219, 1224-25 (1988).

The Union responds the Merit Law does not state its procedures governing employee discipline and promotions are the exclusive means for reviewing employee-related issues. See *Board of Governors of State Colleges & Universities v. Illinois Educational Labor Relations Board*, 170 Ill. App. 3d 463, 475, 524 N.E.2d 758, 764 (1988) (hereinafter

*BOG*) (holding that the fact "a statute does not address alternative methods to contest discharges does not imply \*\*\* the provisions set forth in the statute to be the employee's exclusive option"). Further, the Union contends public policy favors arbitration in settling employment disputes. See *Forest Preserve District v. Illinois Local Labor Relations Board*, 190 Ill. App. 3d 283, 291, 546 N.E.2d 675, 680 (1989) (refusing to hold the Illinois Public Labor Relations Act (Labor Act) (Ill. Rev. Stat. 1987, ch. 48, pars. 1601 through 1627) predominates over civil service rules only when the civil service statute is optional). Thus, the Union argues Sheriff Nall should have bargained over these issues.

■ Dismissal on the pleadings is proper when plaintiffs cannot prove facts entitling them to recovery. *Illinois Graphics Co. v. Nickum*, 159 Ill. 2d 469, 488, 639 N.E.2d 1282, 1291 (1994). In ruling on a section 2—615 motion to dismiss, the court accepts as true the complaint's well-pleaded facts and all reasonable inferences drawn therefrom. *Kolegas v. Heftel Broadcasting Corp.*, 154 Ill. 2d 1, 8-9, 607 N.E.2d 201, 205 (1992). The ruling on a motion to dismiss is reviewed *de novo*. *Sherman v. Kraft General Foods, Inc.*, 272 Ill. App. 3d 833, 835-36, 651 N.E.2d 708, 710 (1995).

■ The duty to bargain collectively is found in section 7 of the Labor Act (5 ILCS 315/7 (West 1996)), which states in pertinent part:

> "The duty 'to bargain collectively' shall also include an obligation to negotiate over any matter with respect to wages, hours[,] and other conditions of employment, not specifically provided for in any other law or not specifically in violation of the provisions of any law. If any other law pertains, in part, to a matter affecting the wages, hours[,] and other conditions of employment, such other law shall not be construed as limiting the duty 'to bargain collectively' and to enter into collective[-]bargaining agreements \*\*\* which either supplement, implement, or relate to the effect of such provisions in other laws."

Further, "[w]e do not believe that the legislature intended to make the broad duties imposed by the [Labor] Act hostage to the myriad of State statutes and local ordinances pertaining to matters of public employment." *City of Decatur*, 122 Ill. 2d at 364, 522 N.E.2d at 1224.

In *City of Decatur*, Decatur, a home rule unit of government, adopted a civil service system under article 10, division 1, of the Illinois Municipal Code (Municipal Code) (Ill. Rev. Stat. 1985, ch. 24, pars. 10—1—1 through 10—1—48) to review disciplinary matters for public employees. The union there sought to bargain over a proposal allowing an arbitrator to resolve all grievances. The Illinois State Labor Relations Board concluded Decatur was required to bargain

with the union over disciplinary matters, and the supreme court agreed. See *City of Decatur*, 122 Ill. 2d at 362, 522 N.E.2d at 1223.

■ In reaching its conclusion, the court considered the following three factors: (1) Illinois' public policy granting full freedom to bargain over wages, hours, and other conditions of employment; (2) the optional nature of the civil service system and the city's authority to unilaterally alter or amend the terms; and (3) the legislature's express preference for arbitration to resolve labor disputes. See *City of Decatur*, 122 Ill. 2d at 366, 522 N.E.2d at 1225; see also *American Federation of State, County & Municipal Employees, Council 31 v. County of Cook*, 145 Ill. 2d 475, 482, 584 N.E.2d 116, 119 (1991) (hereinafter *AFSCME*).

First, the court stated the mere existence of a statute regulating a subject does not, without more, remove the subject from the scope of the bargaining duty under section 7 of the Labor Act. *City of Decatur*, 122 Ill. 2d at 364-65, 522 N.E.2d at 1224. As an example, the court noted the minimum wage law would not relieve an employer from bargaining over wages. "Thus, in the determination whether the civil service provisions adopted by the city must override the bargaining duty imposed by the [Labor] Act, it is appropriate to consider the nature of the other law." *City of Decatur*, 122 Ill. 2d at 365, 522 N.E.2d at 1224.

Second, the court noted the civil service system utilized by Decatur was an optional scheme whereby Decatur could unilaterally alter and amend one or all of its terms. Consequently, "a home rule city, such as Decatur, *** is not prohibited from altering its terms. The city could, if it chose to, eliminate those features of the civil service system at issue here." *City of Decatur*, 122 Ill. 2d at 365-66, 522 N.E.2d at 1224.

Third, the court noted the importance of, and the legislature's preference for, arbitration to resolve labor disputes. The court stated "[i]n this case, then, the union's proposal concerns a well-recognized and familiar means for resolving labor disputes." *City of Decatur*, 122 Ill. 2d at 366, 522 N.E.2d at 1225. The court concluded the duty to bargain imposed by the Labor Act trumped the Municipal Code's provisions.

This court later employed the same three-pronged test. See *BOG*, 170 Ill. App. 3d at 475-76, 524 N.E.2d at 765. In *BOG*, the Illinois Educational Labor Relations Board (Labor Board) found the Board of Governors committed an unfair labor practice when it refused to review an employee's grievance regarding his discharge. The collective-bargaining agreement (1) defined a grievance as any difference, complaint, or dispute between the employer and the union or any em-

ployee, and (2) allowed either the employer or the union to refer an unresolved grievance to arbitration. Based on this language, the Labor Board concluded binding arbitration applied to all disputes concerning discharge of an employee. *BOG*, 170 Ill. App. 3d at 467-69, 524 N.E.2d at 759-61.

On appeal, the Board of Governors argued the agreement also incorporated the disciplinary provisions provided in "An Act to create the State Universities Civil Service System" (Civil Service Act) (Ill. Rev. Stat. 1985, ch. 24½ pars. 38(b)(1) through 38(m)), which conflicted with the Labor Board's conclusion. See *BOG*, 170 Ill. App. 3d at 474, 524 N.E.2d at 764. The Board of Governors contended the Civil Service Act provided the exclusive procedures concerning employee discipline and trumped the provisions provided in the collective-bargaining agreement.

This court concluded the disciplinary provisions of the Civil Service Act did not expressly state they were the exclusive method of reviewing employee discharges. This court found the legislature's failure to cite alternative systems of review did not prove it intended the Civil Service Act to be the only procedure when reviewing employee grievances. The court stated the lack of stated alternative methods was logical because at the time the Civil Service Act was enacted, the Illinois Educational Labor Relations Act (Ill. Rev. Stat. 1985, ch. 48, par. 1701 *et seq.*) did not exist. *BOG*, 170 Ill. App. 3d at 475, 524 N.E.2d at 764.

■ We find both *BOG* and *City of Decatur* distinct from the present case. First, the disciplinary and promotional procedures set forth in the Merit Law are not optional. 55 ILCS 5/3—8002 (West 1996). The use of the word "shall" in section 3—8002 manifests the legislature's intent to require Adams County to adopt and implement the merit system provided therein. See *People v. Woodard*, 175 Ill. 2d 435, 445, 677 N.E.2d 935, 940 (1997) (the word "shall" expresses mandatory intent). Second, Adams County is not a home rule unit of government. Adams County does not have the ability to control which parts of the Merit Law to adopt, alter, or amend. See *City of Markham v. State & Municipal Teamsters, Chauffeurs & Helpers, Local 726*, 299 Ill. App. 3d 615, 618, 701 N.E.2d 153, 155-56 (1998).

In *City of Markham*, Markham and the union representing the city's patrol officers disputed over a provision in the collective-bargaining agreement concerning the discipline of police officers. An arbitrator ruled in favor of the union's provision, and Markham sought to vacate the arbitration award. Markham argued the Municipal Code established mandatory procedures governing the discipline (see 65 ILCS 5/10—2.1—1 *et seq.* (West 1996)). Because it was not a home

rule unit of government, Markham alleged it could not alter these procedures, thereby limiting its ability to bargain. *City of Markham*, 299 Ill. App. 3d at 617, 701 N.E.2d at 154. Similar to this case, the appellate court found Markham unable to bargain over the disciplinary procedures because the Municipal Code was mandatory and Markham was unable to alter or amend any terms contained therein. *City of Markham*, 299 Ill. App. 3d at 618, 701 N.E.2d at 155; see also *Health Employees Labor Program v. County of Cook*, 236 Ill. App. 3d 93, 96-97, 603 N.E.2d 591, 593 (1992) (a home rule entity has a duty to bargain with a union).

Our interpretation of the Merit Law's intent is further buttressed by the fact the Merit Law was amended and reenacted (Pub. Act 86—962, art. 3, § 3—8001, eff. January 1, 1990 (1989 Ill. Laws 6012, 6091-97)) after the Labor Act's enactment (Pub. Act 83—1012, § 7, eff. July 1, 1984 (1983 Ill. Laws 6830, 6839-40)). Thus, the legislature could have considered a county's duty to bargain in light of the mandatory nature of the Merit Law. *Cf. AFSCME*, 145 Ill. 2d at 483-84, 584 N.E.2d at 120. By maintaining the mandatory language of section 3—8002, the legislature expressed its desire to limit Adams County's ability to bargain over the Merit Law's procedures.

We do not, however, find the supreme court intended Adams County's status as a non-home-rule unit of government to be the determining factor. Nonetheless, said status, in addition to the mandatory nature of section 3—8002 of the Merit Law, limits plaintiffs' ability to bargain over various employment-related issues. Accordingly, plaintiffs could not bargain over the disciplinary and promotional procedures.

### III. CONCLUSION

For the reasons stated, the circuit court's judgment is reversed.

Reversed.

STEIGMANN, J., concurs.

JUSTICE MYERSCOUGH, specially concurring in part and dissenting in part:

I concur in part with the majority's analysis because the Merit Law clearly imposes some limits upon a sheriff's ability to bargain about a number of areas related to discipline. However, I conclude the majority's order is too restrictive in its holding because it (1) does not fully comport with our holding in *BOG*, 170 Ill. App. 3d at 472, 524 N.E.2d at 762 ("Illinois courts have not yet interpreted the civil ser-

vice laws as conferring exclusive jurisdiction upon the Merit Board to determine matters pertaining to discharges") and (2) does not grant the necessary deference to Illinois' public policy favoring collective bargaining, as enunciated by the Supreme Court of Illinois in *City of Decatur*, 122 Ill. 2d at 364, 522 N.E.2d at 1224 ("We do not believe that the legislature intended to make the broad duties imposed by the [Labor] Act hostage to the myriad of State statutes and local ordinances pertaining to matters of public employment. \*\*\* To construe the accommodation provision of section 7 narrowly would, we believe, frustrate the declared policy of the State").

Moreover, contrary to the relatively definitive assertions in the majority opinion, some disciplinary and promotional procedures set forth in the Merit Law do appear optional. For example, section 3—8013 of the Merit Law specifically states that "[d]isciplinary measures \*\*\* *may* be taken by the sheriff. Such disciplinary measures *may* include suspension of any certified person for reasonable periods, not exceeding a cumulative 30 days in any 12-month period." (Emphasis added.) 55 ILCS 5/3—8013 (West 1996). The use of the term "may" indicates that the sheriff exercises his discretion to impose disciplinary measures of less than 30 days in any 12-month period. Therefore, at a minimum, those measures within the discretion of the sheriff would appear to be barginable.

In addition, section 3—8014 of the Merit Law is not written in such an encompassing or exhaustive manner that it includes all procedural aspects of imposing discipline. See 55 ILCS 5/3—8014 (West 1996). Some procedural aspects associated with removal, demotion, or suspension have, therefore, likely been left to local discretion because they have not been detailed in the statute. Consistent with our holding in *BOG* and section 7 of the Labor Act (5 ILCS 315/7 (West 1996)), if a procedure is not specified or precluded by statute, it can be supplemented and, therefore, should be bargainable.

The first district's *City of Markham* decision, on which we partially rely, is noteworthy because it paid surprisingly little deference to Illinois' public policy favoring collective bargaining. In addition, the holding in *City of Markham* is unnecessarily broad. For instance, the narrow finding in *City of Markham*, that an arbitrator lacked the authority to impose interest arbitration on a non-home-rule municipality because a non-home-rule municipality lacks the power to abolish or amend statutory mandates (*City of Markham*, 299 Ill. App. 3d at 618, 701 N.E.2d at 155-56), is sound and demonstrates the incremental but effective development of labor law. *City of Markham* then unnecessarily extends this narrow holding beyond its means by asserting that "the parties are precluded from bargaining over employee discipline

altogether." *City of Markham*, 299 Ill. App. 3d at 618, 701 N.E.2d at 155. This finding is inconsistent with our previous holding in *BOG* and should not be adopted.

The Merit Law provides opportunity for supplementation in areas (1) not specified by statute, and (2) where the sheriff has expressly been granted discretion. Our decision in *BOG* suggests that we afford the parties the opportunity to (1) ascertain what these areas are and (2) bargain about them. I respectfully suggest, therefore, that the more appropriate course of action would be to remand so that the parties can more adequately define what areas associated with employee discipline are subject to collective bargaining and what areas are precluded by the Merit Law.